UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DUNCAN STUBBS,<br><br>      Defendant. | Case No. 21-CR-0143-JFH |

**OPINION AND ORDER**

Before the Court is Defendant John Duncan Stubbs' ("Defendant") Motion to Dismiss Counts 2 and 3 ("Motion"). Dkt. No. 41. Defendant argues Counts Two and Three must be dismissed because first degree murder, Count One, is not categorically a crime of violence. *Id.* at 1. The Government filed a Response in Opposition. Dkt. No. 47. Defendant submitted a Reply. Dkt. No. 51.

**BACKGROUND**

Defendant was indicted on May 12, 2021 with three (3) counts. Count One charges Defendant with Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153.[1] Dkt. No. 14. Count Two charges Defendant with Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) and (iii). *Id.* Count Three charges Defendant with Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c) in violation of 18 U.S.C. § 924(j)(1). *Id.*

Defendant argues that to be a crime of violence the offense must involve "violent force – strong physical force that is capable of causing physical pain or injury to another person." Dkt.

---

[1] Count One alleges that Defendant "willfully, deliberately, maliciously, and with premeditation and with malice aforethought, did unlawfully kill" the victim with a firearm. Dkt. No. 14.

No. 41 at 3. However, Defendant contends first degree murder can be committed without the intentional use of strong physical force, and, therefore, first degree murder is not categorically restricted to violent, intentional felonies meeting the statutory "crime of violence" definition. *Id.* at 4-5. Defendant's argument follows that Counts Two and Three must be dismissed. *Id.* at 5.

The Government responds that Defendant's assertion lacks merit in that the Tenth Circuit and other courts have held that first degree murder is a crime of violence. *See* Dkt. No. 47.

## ANALYSIS

Defendant is charged in Count Two with Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence pursuant to 18 U.S.C. § 924(c) and in Count Three with Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c) pursuant to 18 U.S.C. § 924(j). Dkt. No. 14. [2] The definition of "crime of violence" is found in 18 U.S.C. § 924(c)(3). Section 924(c)(3) provides:

> For the purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the "elements clause" and Subsection (B) is referred to as the "residual clause." *See United States v. Garcia,* 811 Fed. Appx. 472, 475 (10th Cir. 2020). In *United States v. Davis,* the Supreme Court held the residual clause, 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

---

[2] Defendant asserts 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j)'s definition of "crime of violence" are interchangeable and the two statutes can be addressed together. Dkt. No. 41 at 2. Therefore, the Court addresses Counts Two and Three together.

Thus, the Court will only consider the elements clause. *See United States v. Kepler,* 20-CR-276, 2021 WL 4027203, at *5 (N.D. Okla. Sep. 3, 2021); *see also United States v. Presley,* 21-CR-49, 2021 WL 4303494, at *1 (E.D. Okla. Sep. 21, 2021).

Defendant argues the Court must employ the "categorical" approach to determine if first degree murder is a crime of violence. *See* Dkt. No. 41 at 3. Pursuant to the categorical approach, the Court must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic crime], while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *see also United States v. Elliot,* 2021 WL 2947779, at *2 (10th Cir. 2021). If the elements of the statute of conviction are the same as the generic offense, or are defined more narrowly, then the conviction qualifies as a "crime of violence." *See Descamps v. United States,* 570 U.S. 254, 261 (2013). However, if the elements of the statute of conviction "sweep [] more broadly" than, or cover more conduct than, the generic criminal offense, then the statute of conviction cannot serve as a "crime of violence." *Id.; see also Mathis,* 136 S. Ct. at 2248. "An offense does not qualify as a '[crime of violence]' unless the *least* serious conduct it covers falls within the elements clause." *Borden v. United States*, 141 S. Ct. 1817, 1832 (2021) (Kagan, J., plurality concurrence) (emphasis in original).

The use of the categorical approach originated in sentencing review at the appellate level. *Presley*, 2021 WL 4303494 at *1. Here, there is no statute of conviction, only a pending allegation. Some district courts have questioned the use of the categorical approach in the pretrial motion to dismiss context. *See id.; see also United States v. Cravens,* 719 Fed. Appx. 810, 818 (10th Cir. 2017) (O'Brien, J., concurring). At least three district courts within the Tenth Circuit have expressed some reservations but have employed the categorical approach in the context of a motion to dismiss. *See United States v. Checora,* 155 F. Supp. 3d 1192, 1995 (D. Utah 2015) (collecting

3

cases from around the country); *United States v. Castillo*, 2016 WL 10267677 at n.2 (D.N.M. 2016); *Presley*, 2021 WL 4303494, at *1. This Court should be added to the list of courts that has reservation in employing the categorical approach in the context of a motion to dismiss.

The Supreme Court has commanded that, in interpreting statutes, the Court is to use not only "the statutory context, structure, history, and purpose," but also "common sense" to avoid an absurd result. *Abramski v. United States*, 134 S. Ct. 2259, 2267 (2014). This Court concurs with the Fourth Circuit which has observed that a conclusion that the most serious offense – first degree murder – is not a crime of violence (while holding a less serious offense, like robbery, is such a crime) would lead to an "illogical result." *See In re Irby,* 858 F.3d 231, 237 (4th Cir. 2017). Indeed, numerous courts have held that first degree murder is a crime of violence. *See e.g., United States v. Garcia,* 811 Fed. Appx. 472, 477 (10th Cir. 2020) (defendant "failed to show that first degree murder in violation of [Kansas law] is not a crime of violence as defined in § 924(c)(3)(A)'s elements clause . . . ."); *United States v. Kendall,* 835 Fed. Appx. 796 (Mem) (5th Cir. 2021) ("it follows that Kendall's first degree murder conviction [18 U.S.C. §§ 7 and 1111] necessarily qualifies as a crime of violence under § 924(c)(3)(A)."); *United States v. Arthur,* 750 Fed. Appx. 540, 542 (9th Cir. 2018) ("Arthur's claim that the first degree murder statute is not categorically a crime of violence is foreclosed by circuit precedent."); *In re Irby,* 858 F.3d 231, 237 (4th Cir. 2017) ("Common sense dictates that murder is categorically a crime of violence under the [elements] clause."); *In re Amawi,* 780 Fed. Appx. 301, 306 (6th Cir. 2019) ("it cannot be seriously argued that murder is anything other than a crime of violence." (quoting *United States v. Darden,* 346 F. Supp. 3d 1096, 1133-34 (M.D. Tenn. 2018) (collecting cases finding that § 1111 murder is a crime of violence under the elements clause)); *Duncan v. United States,* 07-CR-023, 2019 WL 6053010, at *5 (D. Id. Nov. 15, 2019) ("Count Seven expressly charged Duncan with conduct

meeting the definition of first degree murder which is categorically a crime of violence.") (currently on appeal); *Nakai v. United States,* 01-CR-1072, 2021 WL 3560939, at *4-5 (D. Az. Aug. 12, 2021) (currently on appeal) (rejecting defendant's argument that "first degree murder does not satisfy th[e] force requirement under the categorical approach because there are non-violent, non-forceful ways to commit murder." District court noted, "The Ninth Circuit has held that first degree murder necessarily entails the use of violent force."); *Hall v. United States,* 20-CV-646, 2021 WL 119638, at *10 (M.D. Tenn. Jan. 13, 2021) ("This court agrees with those courts finding that first degree murder constitutes a crime of violence for the purposes of the [elements] clause of § 924(c)(3), even assuming, without deciding, that Tennessee's definition of first degree murder is the relevant definition of the offense . . . .").

This Court is unaware of any authority that would suggest that first degree, premediated murder, such as charged in this case, could ever fall outside of the definition of "crime of violence" as intended by the legislature. If first degree, premeditated murder does not constitute a "crime of violence," then one would have to believe the legislature constructed an illogical definition of "crime of violence." This Court will not go down a path that leads to an obvious, illogical result.

This Court does not believe that the categorical approach is properly used here. However, even if it is used, the result is the same.[3] Defendant is charged with violations of 18 U.S.C. §§ 924(c) and 924(j) for use of a firearm while committing the predicate offense of first degree murder. Dkt. No. 14. First degree murder requires both malice aforethought and the specific intent to commit an unlawful killing. *United States v. Wood,* 207 F.3d 1222, 1228 (10th Cir. 2000). A

---

[3] There is Tenth Circuit precedent to support use of the categorical approach. *See United States v. Cravens,* 719 Fed. Appx 810, 813 (10th Cir. 2017).

killing is committed with the requisite specific intent if it is "willful, deliberate, malicious and premeditated." 18 U.S.C. § 1111(a).[4]

Having identified the elements of first degree murder, the Court must then determine whether the predicate offense meets the requirements of § 924(c)(3)(A)'s elements clause, defining a crime of violence as a felony that has as "an element" the use, attempted use, or threatened use of physical force against another person. *See Checora,* 155 F. Supp. 3d at 1197. In this context, physical force means force, applied directly or indirectly, that is capable of causing physical pain or injury to the person or property of another. *United States v. Muskett,* 970 F.3d 1233, 1240-41 (10th Cir. 2020).

Section 924(c)(3)(A) only requires "an element" to include the use, attempted use, or threatened use of physical force. 18 U.S.C. § 924(c)(3)(A); *see Checora,* 155 F. Supp. 3d at 1197. Therefore, the Court will consider whether the first element – causing the death – requires the use of physical force. As recognized by the *Checora* Court, "in a murder case, the defendant is charged with some physical conduct that actually kills another person. It is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed." *Id.*[5] The Supreme Court has recognized that it is "impossible to cause bodily injury without applying force in the common-law sense." *Castleman,* 134 S. Ct. at 1415. Similarly, this Court concludes that it is impossible to cause death without applying physical force. *See United States*

---

[4] The Tenth Circuit Criminal Pattern Jury Instruction 2.52 states the elements of first degree murder are: (1) the defendant caused the death of the victim named in the indictment; (2) the defendant killed the victim with malice aforethought; (3) the killing was premeditated; and (4) the killing took place within the territorial jurisdiction of the United States.

[5] The Supreme Court has held that poisoning someone involved "the use or attempted use of physical force." *United States v. Castleman*, 134 S. Ct. 1405, 1413-15 (2014). The Eighth Circuit has recognized the act of withholding food with the intent to cause a dependent to starve to death constitutes the requisite use of force. *United States v. Peeples,* 879 F.3d 282, 287 (8th Cir. 2018).

*v. Peeples*, 879 F.3d 282, 287 (8th Cir. 2018) ("Because it is impossible to cause bodily injury without force, it would also be impossible to cause death without force."); *see also Checora*, 155 Supp. 3d at 1198 (concluding it is impossible to cause death without applying physical force).

For these reasons, the Court concludes that first degree murder in violation of 18 U.S.C. § 1111(a) is a crime of violence and can properly serve as the predicate offense for Counts Two and Three.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Counts 2 and 3 [Dkt. No. 41] is **DENIED.**

Dated this 24th day of November 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE