IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-143-JFH |
| JOHN DUNCAN STUBBS, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is an Opposed Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion") filed by Defendant John Duncan Stubbs ("Defendant"). Dkt. No. 148. The United States of America ("Government") filed a response in opposition. Dkt. No. 151. For the following reasons, Defendant's Motion [Dkt. No. 148] is DENIED.

## BACKGROUND

On May 12, 2021, Defendant was charged by indictment with three counts: (1) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; (2) Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii) and (iii); and (3) Causing the Death of a Person in the Course of a Violation of Title 18, United States Code, Section 924(c), in violation of 18 U.S.C. § 924(j)(1). Dkt. No. 14. The case proceeded to jury trial beginning on December 12, 2021. Dkt. No. 100. Prior to the case reaching the jury, the Court was advised that Defendant wished to plead guilty. Dkt. No. 105. On December 14, 2021, the Court conducted Defendant's change of plea hearing and Defendant pled guilty to the lesser included Second Degree Murder of Count One of the indictment by way of a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. Nos. 106 and 109.

On November 9, 2022, Defendant appeared for sentencing. Dkt. No. 126. After reviewing the parties' sentencing memoranda, hearing argument from counsel, and statements by Defendant, the Court adopted the parties' plea agreement and sentenced Defendant to 240 months of imprisonment which was below Defendant's advisory guideline range and within the parties' agreed upon sentencing range as set forth in the plea agreement. Dkt. Nos. 124, 128.

## AUTHORITY AND ANALYSIS

Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence under U.S.S.G. § 1B1.10 and 4A1.1(e) (as amended effective November 1, 2023). Dkt. No. 148 at 1. Generally, the Court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c)(2). However, the reduction of a defendant's sentence is authorized "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." *Id*. Under this circumstance, the Court "*may* reduce the term of imprisonment, *after considering the factors set forth in section 3553(a)* to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. (emphasis added).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 824 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

In consideration of the first step, the Court notes that prior to Amendment 821, U.S.S.G. § 4A1.1(d) provided that Defendant receive two additional criminal history points if he committed

a crime while under a criminal justice sentence. Therefore, at the time the presentence investigation report was drafted in this case—prior to the enactment of Amendment 821—Defendant, who had a subtotal criminal history score of six, was given an additional two points under § 4A1.1(d) because he committed the instant offense while under a criminal justice sentence for Choctaw County District Court Case Number CF-2015-53, resulting in a total criminal history score of eight and a criminal history category of IV. *See* Dkt. No. 124 at 10. With a total offense level of 36, Defendant's advisory guideline range was 262 months to 327 months. *Id.* at 13.

However, following Amendment 821 to the United States Sentencing Guidelines, the criminal history status points provision, as it now appears in Section 4A1.1(e), states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Accordingly, a defendant who receives seven or more criminal history points now receives one additional status point, rather than two, and a defendant who receives less than seven criminal history points now receives zero additional status points. *Id.* Because Defendant's subtotal criminal history score was six, he would no longer qualify for any additional status points, resulting in a total criminal history score of six and a criminal history category of III. With a total offense level of 36, Defendant's advisory guideline range would be 235 months to 293 months.

Under U.S.S.G. § 1B1.10, a defendant is eligible for a sentence reduction where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . ." U.S.S.G. § 1B1.10(a)(1). Because Defendant is currently serving a term of imprisonment and the advisory guideline range applicable to Defendant at the time of sentencing has subsequently been lowered

as a result Amendment 821, Court finds that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Now the Court must consider the § 3553(a) factors and determine whether, in its discretion, a sentence reduction is warranted under the particular circumstances of the case. The parties' plea agreement most succinctly summarizes the nature and circumstances of the instant offense. "On or about September 9, 2019 . . . the defendant, John Duncan Stubbs, killed Rachelle Jordan with malice aforethought. The defendant shot the victim in the head at close range after loading the rifle." Dkt. No. 109 at 2. In other words, Defendant took deliberate steps toward the killing of the victim in this matter—including obtaining and loading the rifle and then shooting her in the head at close range. The willful killing of a human being is, without a doubt, of an extreme nature and circumstance.

Considering Defendant's history and characteristics, the Court notes that Defendant has a concerning criminal history, including a conviction for domestic assault and battery involving the assault and choking of his child's grandmother. Dkt. No. 124 at 8-10. The Court further notes that Defendant was under court supervision at the time he committed the instant offense. *Id*. Defendant also has a lengthy history of substance abuse. *Id*. at 12-13.

The other § 3553(a) factors, require the Court to consider the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes by Defendant, and to provide Defendant with correctional treatment for Defendant in the most effective manner. As discussed above, the nature and circumstances of offense—the willful killing of a human being— require a sentence that is just and adequately reflects the seriousness of the offense. The instant offense is not Defendant's first act of violence against another. And Defendant was

obviously not effectively deterred while under court supervision from committing further crime, as he committed the instant offense while under a term of supervision. Defendant's substance abuse history is also of significant concern, as his criminal history is tied to his drug use.

Based on the Court's review of the § 3553(a) factors, the Court finds that a sentence reduction is not warranted in this case. The Court cannot justify a sentence lower than the agreed upon sentence within the plea agreement due to the violent nature of the case and Defendant's prior history of violent offenses. The Court further points out that Defendant's sentence of 240 months—which was imposed in connection with the acceptance of the parties' plea agreement—is still at the lower end of the amended guideline range. The Court finds that a sentence lower than 240 months would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, or protect the public from further crimes by Defendant. Plainly, nothing warrants a sentence reduction in this case.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Opposed Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. No. 148] is DENIED.

DATED this 30th day of September 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE